IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Pargan S. Dhillon, Individually and as Special Administrator of the Estate of Amarjit Singh Dhillon, and United Community Bank as assignee of Palmetto State Loan Fund, Inc. f/k/s Business Carolina, Inc.,<br><br>Plaintiffs,<br><br>vs.<br><br>Auto-Owners Life Insurance Company,<br><br>Defendant. | C/A No. 3:14-cv-3123-JFA<br><br><br><br><br>**ORDER** |

     In this dispute over the proceeds of a life insurance policy, both parties filed motions for summary judgment. After extensive briefing, the Court heard oral argument on September 2, 2015. For the reasons which follow, the Court will deny both motions and set the case for trial during the November/December 2015 term of court.

     At issue in this case are the proceeds of a life insurance policy issued to Amarjit Singh Dhillon. After thoroughly considering the matter and having the benefit of argument of able counsel on both sides, the Court has determined that both motions should be denied. Genuine issues of material fact exist as to the validity of the policy.

     The Court's denial of the defendant's motion for summary judgment necessarily means that the second cause of action for bad faith refusal to pay policy proceeds will remain in the case.

1

Although the Court has some tentative misgivings regarding the validity of this claim, the claim will survive summary judgment and the parties may address the issue again at the pretrial conference. If the bad faith claim remains in the case, the Court will bifurcate the trial so as to allow the jury to determine whether the claim for breach of contract is valid in Phase I. Then, and only then, would the trial move into Phase II to receive evidence and argument on the question of bad faith.

At oral argument on the summary judgment motions, defense counsel suggested that this case must be tried non-jury because the plaintiff did not make a timely demand for a jury trial. The plaintiff is requested to respond to this suggestion within fourteen days of this order.

Additionally, the Court apprises the parties that even if no jury trial is appropriate because of the alleged failure of either party to make a timely demand, the Court reserves the right to empanel an advisory jury to assist the Court in determining disputed factual issues.

IT IS SO ORDERED.

September 3, 2015  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge